UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Teresa A. Long,

        Case No. 09-14227

     Plaintiff,

v.                  Honorable Sean F. Cox

Commissioner of Social
Security,

     Defendant.

_____/

## OPINION & ORDER ADOPTING THE REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Teresa Long ("Plaintiff") filed this action under 42 U.S.C. § 405(g), challenging

a final decision of Defendant Commissioner ("Commissioner") denying her application for

Social Security Disability Insurance and Supplemental Security Income benefits.  The matter is

before the Court for consideration of the Commissioner's objections to a Report and

Recommendation ("R&R") regarding the parties' cross-motions for summary judgment.  In his

December 6, 2010 R&R, Magistrate Judge Randon recommends that the Court grant Plaintiff's

Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and remand

for further proceedings consistent with the R&R.  For the reasons that follow, the Court

**ADOPTS** the Report and Recommendation, **GRANTS** Plaintiff's Motion for Summary

Judgment, **DENIES** the Commissioner's Motion for Summary Judgment, and **REMANDS** for a

new hearing consistent with the discussion below.

## BACKGROUND

Plaintiff applied for Disability Insurance Benefits and Security Income Benefits, under

the Social Security Act, on May 17, 2006.  (Tr. at 88-90, 93-96, Doc. No. 5).  Plaintiff, who was

46 years old at the time of her application, claimed a disability onset date of June 6, 2005.  *Id*. at

10. Plaintiff's claims were denied on September 6, 2006, and Plaintiff appealed.  *Id*. at 50.  On

September 18, 2008, the Administrative Law Judge ("ALJ"), Paul R. Armstrong, held a hearing

on Plaintiff's appeal.  *Id*. at 10.  At the hearing, the ALJ heard testimony from the Plaintiff, a

medical expert, and a vocational expert.  *Id*.

On January 20, 2009, the ALJ issued a decision denying Plaintiff's claims on appeal,

applying the five-step disability analysis to the circumstances underlying Plaintiff's claim.  The

ALJ concluded that Plaintiff is not disabled under sections 216(i), 223(d), or 1624(a)(3)(A) of

the Social Security Act.  *Id*.  Specifically, the ALJ found that Plaintiff's severe bipolar disorder

does not meet or medically equal the criteria of Listing 12.04.  Based upon the testimony of a

medical expert and vocational expert, Plaintiff's activities of daily living, level of social

functioning, and residual functional capacity ("RFC"), the ALJ determined that Plaintiff could

not perform her past work as a waitress.  *Id*. at 14.  The ALJ did find, however, that she is

capable of performing "a full range of work at all exertional levels" but must be limited to

"simple unskilled work that involves no more than superficial contact with supervisors, co-

workers, or the general public."  *Id*.  The ALJ determined that there are a significant number of

jobs in the national economy that Plaintiff could perform, such as that of a hand packager or

folding machine operator.  *Id*. at 17.

Plaintiff requested review of the ALJ's determination and the Appeals Council denied

Plaintiff's request for review on August 28, 2009.  *Id.* at 4-6.

On December 6, 2010, Magistrate Judge Randon issued his R&R (Doc. No. 17) on the

parties' cross-motions for summary judgment.[1]  In Plaintiff's Motion for Summary Judgment,

Plaintiff only challenges the ALJ's determination of her mental condition.  (Plf.'s Mtn. at 6, Doc.

No. 11).  In the R&R, the Magistrate Judge recommends that the Court grant Plaintiff's Motion

for Summary Judgment, deny the Commissioner's Motion for Summary Judgment, and remand

for a new hearing consistent with the R&R.

Magistrate Judge Randon concluded that it was improper for the ALJ to rely on only a

portion of the vocational expert's response to a hypothetical question presented by the ALJ.  The

ALJ asked the following hypothetical:

> ALJ:  Okay. Say we've got a hypothetical individual with no physical limitations, but limited to  simple, unskilled work, SVP-l or 2, no more than superficial contact with supervisors and co-employees. No public work. You know, no general public work.
>
> VE:  Sure.
>
> ALJ:  Any jobs? Could she return to her past work?
>
> VE:  No.
>
> ALJ:  Any other work?
>
> VE:  Yes. Jobs such as a hand packager. It's a medium and unskilled position. In the State of Michigan, there are 25,720 hand packagers.  Also, a day worker, which is a house cleaner, is a medium and unskilled position and there are 23,390 cleaner, housekeepers. And lastly, a folding  machine operator is a light and unskilled position. And for laundry workers, there are 8,260 work. (sic)
>
> ALJ:  Now, say the same individual had either for a closed period or open-ended period, the person had such limitations with

---

[1]The underlying facts of this case are fully set forth in the R&R and will not be restated here.

> her anxiety, concentration and the like that she'd be unable to
> concentrate or to stay on task on even a simple SVP-1 or 2 job
> for an average of 15 minutes on every hour. Would that
> knock her out of those jobs or any other jobs?
>
> VE:   Yes. That would.
>
> ALJ:   And say the same individual can concentrate or stay on task,
> but occasionally, she'd have difficulty, you know, because of
> nervousness in going in to work -- right, ma'am?
>
> PLTF: Yes.
>
> ALJ:   Like, you wouldn't go in to work. You'd miss days and stuff--
>
> PLTF: Yeah.
>
> ALJ;   Because you're so nervous. And she'd end up missing more
> than two days a month. Is that going to knock her out of those
> jobs?
>
> VE:  Yes. That would.

(Tr. at 37-36).

Magistrate Judge Randon found that the ALJ relied only on the vocational expert's answer to his first hypothetical question when he concluded that Plaintiff could work as a hand packager or folding machine operator. (R&R at 11).  Magistrate Judge Randon stated that the answer to the first hypothetical question did not adequately advise the vocational expert of Plaintiff's restrictions, as shown by the vocational expert's response to the ALJ's follow up hypothetical question regarding Plaintiff's anxiety, lack of concentration, and nervousness.  *Id*. Thus, Magistrate Judge Randon stated that the ALJ's conclusion that Plaintiff could work as a hand packager or folding machine operator did not take into account Plaintiff's "moderate" difficulties with regard to Plaintiff's concentration, persistence, and pace.

In the R&R, Magistrate Judge Randon relied heavily on *Ealy v. Comm'r of Soc. Sec.*, 594

4

F.3d 504 (6th Cir. 2010).  In *Ealy*, the Sixth Circuit found that the ALJ improperly relied on a vocational expert's opinion because the ALJ's hypothetical to the vocational expert omitted the claimant's speed and pace-based restrictions.  Specifically, the medical expert in *Ealy* limited the claimant's ability to sustain attention to "[two-hour] segments over an eight-hour day where speed was not critical."  *Id*. at 516.  The Court in *Ealy* found that the ALJ omitted this specific limitation when questioning the vocational expert.  Therefore, the ALJ's hypothetical question did not adequately convey the claimant's limitations to the vocational expert.

On December 20, 2010, the Commissioner timely filed objections to the R&R.  (Obj., Doc. No. 18).

## STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.  "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions."  *Id*.  An Administrative Law Judge's decision "cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

## ANALYSIS

The Commissioner contends that the ALJ's determination was supported by substantial evidence and within the ALJ's "zone of choice."  (Obj. at 1).  This Court, however, agrees with

the Magistrate Judge's finding that the ALJ's hypothetical did not adequately address Plaintiff's limitations and therefore it was error for the ALJ to rely on the vocational expert's testimony.

Like in *Ealy*, where the ALJ failed to address the claimant's specific concentration limitations to the vocational expert, the ALJ in this case failed to address Plaintiff's limitations regarding concentration, persistence or pace. In his determination, the ALJ stated that Plaintiff has "moderate restriction" in concentration, persistence or pace. Thus, while the ALJ stated that Plaintiff's anxiety and concentration would limit her abilities "such that she'd be unable to concentrate or to stay on task . . . for an average of 15 minutes on every hour" and that Plaintiff would miss more than two days of work per month because of nervousness, the ALJ did not state that Plaintiff has moderate difficulty in concentration, persistence or pace. Moreover, the vocational expert responded affirmatively to the ALJ's question of whether Plaintiff's mental limitation would "knock her out" of those jobs that the vocational expert initially suggested would be appropriate for Plaintiff. *Id*. As such, the vocational expert's opinion was that a claimant with the hypothetical limitations of Plaintiff *could not* perform the type of work suggested as a result of those mental limitations. The ALJ ignored this portion of the vocational expert's testimony.

The ALJ erred by relying only on a portion of the vocational expert's testimony and by failing to advise the vocational expert that Plaintiff has "moderate difficulties" with regard to concentration, persistence or pace. Therefore, like the ALJ's determination in *Ealy*, the ALJ's determination in this case that Plaintiff is able to perform a substantial number of jobs in the national economy is not supported by substantial evidence.

6

CONCLUSION

For the reasons above, the Court **ADOPTS** Magistrate Judge Randon's Report and

Recommendation.  Accordingly, the Court **GRANTS** Plaintiff's Motion for Summary Judgment,

**DENIES** the Commissioner's Motion for Summary Judgment, and **REMANDS** for a new

hearing consistent with this order.

**IT IS SO ORDERED.**


        S/Sean F. Cox

        Sean F. Cox
        United States District Judge

Dated:  March 30, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on
March 30, 2011, by electronic and/or ordinary mail.

        S/Jennifer Hernandez

        Case Manager